UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––– x
CITY OF LIVONIA EMPLOYEES'           : Civil Action No. 1:07-cv-10329-RJS
RETIREMENT SYSTEM, On Behalf of Itself :
and All Others Similarly Situated,    : CLASS ACTION
                                      :
                 Plaintiff,           : MEMORANDUM OF LAW IN SUPPORT
                                      : OF PIPEFITTERS UNION LOCAL 537
       vs.                            : PENSION FUND'S MOTION FOR
                                      : APPOINTMENT AS LEAD PLAINTIFF
WYETH, et al.,                        : AND FOR APPROVAL OF ITS SELECTION
                                      : OF LEAD COUNSEL
                 Defendants.          :
                                      :
––––––––––––––––––––––––––––––––––––– x

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.    FACTUAL BACKGROUND........................................................................................2

III.    ARGUMENT.................................................................................................................2

    A.    The Pipefitters Fund Is the Most Adequate Plaintiff ............................................2

        1.    The Pipefitters Fund Has the Largest Financial Interest in the Relief Sought by the Class............................................................................4

        2.    The Pipefitters Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ................................................................................4

    B.    The Court Should Approve the Pipefitters Fund's Selection of Coughlin Stoia as Lead Counsel..........................................................................................5

IV.    CONCLUSION..............................................................................................................7

**I.     INTRODUCTION**

Pipefitters Union Local 537 Pension Fund ("Pipefitters Fund"), in connection with its transactions in the publicly-traded securities of Wyeth Financial Corp. ("Wyeth" or the "Company") between January 31, 2006 and July 24, 2007 (the "Class Period"), submits this memorandum of law in support of its motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing the Pipefitters Fund as lead plaintiff; and (2) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel. *See Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 2007 U.S. Dist. LEXIS 74621, at *11 (S.D.N.Y. 2007) ("Coughlin Stoia Geller Rudman & Robbins LLP . . . is well qualified and has successfully served as lead counsel . . . in numerous complex securities class actions.").

The Pipefitters Fund is the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the greatest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff in these related actions.[1] *See generally Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 U.S. Dist. LEXIS 6382 (S.D.N.Y. 2004) (Sweet, J.). In addition, the Pipefitters Fund satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the putative class and because it will fairly and adequately represent the interests of the class. *See generally Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

---

[1]    *See* Affidavit of David A. Rosenfeld in Support of the Pipefitters Union Local 537 Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Its Selection of Counsel ("Rosenfeld Aff."), Exs. A and B.

## II.   FACTUAL BACKGROUND

Wyeth is a leading pharmaceutical company and maintains a large business in women's health care products. From 2003 to 2006, Wyeth conducted Phase 3 clinical trials on its new drug, desvenlafaxine ("PRISTIQ") for postmenopausal symptoms of hot flashes and night sweats. In June 2006, Wyeth announced that it had submitted a New Drug Application ("NDA") to the Food and Drug Administration ("FDA") for this indication.

On July 24, 2007, defendants issued a press release entitled "Wyeth Receives Approvable Letter From FDA for PRISTIQ for the Treatment of Vasomotor Symptoms Associated With Menopause," stating:

> Wyeth Pharmaceuticals, a division of Wyeth, announced today that it received an approvable letter from the U.S. Food and Drug Administration (FDA) for PRISTIQ™ (desvenlafaxine), a serotonin-norepinephrine reuptake inhibitor (SNRI), currently under review as a treatment for moderate-to-severe vasomotor symptoms (hot flashes and night sweats) associated with menopause.
>
> In its letter, the FDA said that before the application could be approved, it would be necessary for Wyeth to provide additional data regarding the potential for serious adverse cardiovascular and hepatic effects associated with the use of PRISTIQ in this indication. The Agency requested that these data come from a randomized, placebo-controlled clinical trial of a duration of one year or more conducted in postmenopausal women.

As a result of the FDA committee's decision on July 24, 2007, Wyeth's stock price dropped from $56 to $50.30 the next day. This decrease in Wyeth's stock price was a result of the artificial inflation caused by defendants' misleading statements coming out of the stock price.

## III.  ARGUMENT

### A.   The Pipefitters Fund Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on *Business Wire*, on November 14, 2007 in connection with the filing of the first-filed action. *See* Rosenfeld Aff., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i); *Rozenboom*, 2004 U.S. Dist. LEXIS 6382, at *7.

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires January 14, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Pipefitters

Fund has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 1.      The Pipefitters Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pipefitters Fund purchased 40,000 shares of Wyeth securities and lost nearly $400,000 in connection therewith. *See* Rosenfeld Aff., Ex. B. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. 15 U.S.C. §78u-4(a)(3)(B).

### 2.      The Pipefitters Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(a). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of

the class does not mean, however, that the claims must be identical.  *See In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. 2002).

The Pipefitters Fund satisfies this requirement because, just like all other class members, it: (1) purchased Wyeth securities during the Class Period; (2) purchased Wyeth securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby.  Thus, the Pipefitters Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another."  *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

Here, the Pipefitters Fund is adequate to represent the class because its interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Wyeth securities and would benefit from the same relief.  Furthermore, there is no evidence of antagonism between the Pipefitters Fund and the class.  The Pipefitters Fund has also certified to its willingness to serve as a representative of the class.  Rosenfeld Aff., Ex. B.  In addition, as shown below, the Pipefitters Fund's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Pipefitters Fund satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

**B.     The Court Should Approve the Pipefitters Fund's Selection of Coughlin Stoia as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because the Pipefitters Fund has selected and retained counsel with extensive experienced litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Coughlin Stoia as lead counsel should be approved.

      Coughlin Stoia is a 200-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* Rosenfeld Aff., Ex. D. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel. *See Vanamringe v. Royal Group Techs., Ltd.*, 237 F.R.D. 55, 58 (S.D.N.Y. 2006) (approving Coughlin Stoia as lead counsel).

## IV. CONCLUSION

For all the foregoing reasons, the Pipefitters Fund respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED:  January 14, 2008                         Respectfully submitted,

                                          COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
                                          SAMUEL H. RUDMAN
                                          DAVID A. ROSENFELD

                                                        s/ David A. Rosenfeld
                                                    DAVID A. ROSENFELD

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)

                                          COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
                                          RAMZI ABADOU
                                          DARREN J. ROBBINS
                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101
                                          Telephone:  619/231-1058
                                          619/231-7423 (fax)

                                          [Proposed] Lead Counsel for Plaintiff

S:\CasesSD\Wyeth\BRF00048347-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 14, 2008.

        s/ David A. Rosenfeld
        DAVID A. ROSENFELD

        COUGHLIN STOIA GELLER
           RUDMAN & ROBBINS LLP
        58 South Service Road, Suite 200
        Melville, NY 11747
        Telephone: 631/367-7100
        631/367-1173 (fax)

        E-mail: drosenfeld@csgrr.com

# Mailing Information for a Case 1:07-cv-10329-RJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`