UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CITY OF LIVONIA EMPLOYEES'          :
RETIREMENT SYSTEM, On Behalf of Itself  :
and All Others Similarly Situated,      :
                                    :
                      Plaintiff,    :
                                    :
        vs.                         :
                                    :
WYETH, et al.,                      :
                                    :
                      Defendants.   :
                                    :
———————————————————————— x

Civil Action No. 1:07-cv-10329-RJS

<u>CLASS ACTION</u>

**ECF CASE**

SETTLEMENT AGREEMENT

781943_3

This Settlement Agreement dated as of November 7, 2012 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined herein): (i) Plaintiff Pipefitters Union Local 537 Pension Fund, by and through its counsel of record in the Litigation (as defined herein); and (ii) Wyeth, Robert Essner, Joseph Mahady, Kenneth Martin, Bernard Poussot, Robert Ruffolo, Jr. and Ginger Constantine (collectively "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION

On November 14, 2007, the City of Livonia Employees' Retirement System filed a class action lawsuit on behalf of Wyeth shareholders against Defendants alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). By an order dated February 26, 2008, the Court appointed the Pipefitters Union Local 537 Pension Fund "Lead Plaintiff" pursuant to the requirements of the Private Securities Litigation Reform Act of 1995. Thereafter, on April 11, 2008, Plaintiff filed its Consolidated Complaint for Violations of the Federal Securities Laws. As set forth in the Consolidated Complaint, between June 26, 2006 and July 24, 2007 (the "Class Period") Defendants are alleged to have issued misleading statements and omitted material facts regarding the safety and approvability of the drug Pristiq for the treatment of vasomotor symptoms ("VMS"). Plaintiff alleges that Defendants' omissions and misrepresentations caused Wyeth's stock to trade at artificially inflated prices during the Class Period and that Plaintiff and Members of the Class were damaged as a result.

Defendants deny all these allegations. Specifically, Defendants contend that they disclosed all material information about the safety and approvability of Pristiq for VMS. Defendants also

- 1 -

contend that when the information regarding the safety of Pristiq for VMS was disclosed, Wyeth's share price was not affected, and that Plaintiff cannot claim damages for losses caused by intervening events related to FDA decisions regarding the approval of Pristiq for VMS.

On September 29, 2010, the Court granted in part and denied in part Defendants' motion to dismiss. Thereafter, on December 3, 2010, Defendants filed an answer denying all material allegations of Plaintiff's Consolidated Complaint and asserting their defenses. Defendants filed an Amended Answer on December 22, 2010, again denying all material allegations. On September 18, 2012, the Court entered an order certifying the Class defined as: all purchasers and/or acquirers of Wyeth common stock during the period June 26, 2006 through July 24, 2007, inclusive, who were damaged as a result of the alleged fraud. On October 2, 2012, Defendants filed a petition to the United States Court of Appeals for the Second Circuit seeking leave to appeal the Court's Order granting class certification. Prior to and following the Court's Order on class certification, the Parties were involved in merits discovery, including the production of documents and witness depositions. The fact discovery cutoff in the case was December 28, 2012.

During the Litigation, the Settling Parties engaged the services of Judge Layn Phillips (Ret.), a nationally recognized mediator. The parties engaged in an in-person mediation session on May 16, 2012 with Judge Phillips and numerous telephonic exchanges regarding a potential settlement of the Litigation. Ultimately, the parties agreed to settle the action based on the proposal of Judge Phillips.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Litigation. Defendants expressly have denied and continue to deny any improper conduct or violation of the federal securities laws or any other laws or regulations and are settling the Litigation solely to avoid the burden and expense of further litigation. In addition,

- 2 -

781943_3

Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that Plaintiff or the Class have suffered any damage; that the price of Wyeth common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise; that Plaintiff or the Class were harmed by the conduct alleged in the Litigation; or that Defendants knew or were reckless with respect to the alleged misconduct. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation and believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further conduct of the Litigation would be protracted, burdensome and expensive, and that it is desirable that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of the Defendants, or any of the Related Parties (as defined herein), with respect to any allegation or claim of any fault or liability or wrongdoing or damage whatsoever.

## III. PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiff and Class Counsel also have taken

- 3 -

781943_3

into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff and Class Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiff and Class Counsel believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiff and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiff and the Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the settlement set forth herein, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Wyeth during the period from June 26, 2006 through July 24, 2007, inclusive, excluding

- 4 -

781943_3

Defendants, the officers and directors of Wyeth during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

1.4    "Class Counsel" means Robbins Geller Rudman & Dowd LLP, Tor Gronborg, Trig Smith, Laurie Largent, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

1.5    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.6    "Class Period" means the period commencing on June 26, 2006 through and including July 24, 2007.

1.7    "Defendants" means Wyeth, Robert Essner, Joseph Mahady, Kenneth Martin, Bernard Poussot, Robert Ruffolo, Jr. and Ginger Constantine.

1.8    "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a

781943_3

court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal that concerns only the issue of Class Counsel's fees and expenses, Plaintiff's reimbursement, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    "Individual Defendants" means Robert Essner, Joseph Mahady, Kenneth Martin, Bernard Poussot, Robert Ruffolo, Jr. and Ginger Constantine.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Tor Gronborg, Trig Smith, Laurie Largent, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

1.14    "Litigation" means Civil Action No. 1:07-cv-10329-RJS in the United States District Court for the Southern District of New York.

1.15    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Plaintiff, provided for herein or approved by the Court and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

1.16    "Notice Date" means the date on which Class Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the forms of Exhibits A-1 and A-2 attached hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort.

1.17    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association,

- 6 -

government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiff" means Pipefitters Union Local 537 Pension Fund.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiff's expenses, if any, as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20    "Related Parties" means each of a Defendant's families, parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors and assigns or other Persons or other entities in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any other representatives of any of these Persons or other entities, whether or not any such Related Parties were named, served with process or appeared in the Litigation.

1.21    "Released Claims" shall collectively mean any and all claims arising from both the purchase or other acquisition of Wyeth common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Plaintiff in the Litigation (the "Release"), including any and all claims, demands, losses, rights, causes of action, liabilities,

- 7 -

obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class. This Release extends to any and/or all Defendants and any and/or all of their Related Parties. "Released Claims" includes "Unknown Claims" as defined in ¶1.27 hereof.

1.22    "Released Persons" means each and all of the Defendants and their Related Parties.

1.23    "Settlement Amount" means $67,500,000 in cash to be paid pursuant to ¶2.1 of this Stipulation.

1.24    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.25    "Settling Parties" means, collectively, the Defendants, Plaintiff and the Class.

1.26    "Tax" or "Taxes" means any and all taxes, fees levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

- 8 -

781943_3

1.27   "Unknown Claims" means any Released Claims that Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff expressly waives and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiff and Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

- 9 -

781943_3

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.    The Settlement**

      **a.    The Settlement Fund**

2.1    (a)    In consideration of full and final settlement, satisfaction, compromise and release of the Released Claims, and subject to the provisions of this Stipulation including ¶7.3, Defendants shall pay or cause to be paid the Settlement Amount by check or wire transfer into an escrow account in accordance with instructions to be provided by the Escrow Agent (the "Settlement Account") by the later of (i) 15 business days after the entry of an order by the District Court granting preliminary approval of the settlement, or (ii) December 14, 2012. Class Counsel shall provide Defendants with the necessary details of the Settlement Account (name/address of bank, routing number, account number, and account name). The Escrow Agent shall deposit the Settlement Amount in a segregated escrow account maintained by the Escrow Agent. The Settling Parties agree that payment of the Settlement Amount shall be effected by and the responsibility of Wyeth and not the Individual Defendants.

      (b)    Lead Counsel may draw from the Settlement Account immediately after the funding described in 2.1(a) in order to pay the reasonable costs of providing notice of the settlement to the Class Members, as well as customary administration costs. With the exception of amounts disbursed for providing notice to the Class, customary administration costs, and the payment of any awarded attorneys' fees and expenses as set forth in ¶6.2, the Settlement Account (including accumulated interest) shall not be distributed until the Judgment becomes Final.

781943_3

### b.    The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

781943_3

### c.   Taxes

2.7   (a)   The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)   All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without

- 12 -

781943_3

limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for any Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

> **d.      Termination of Settlement**

2.8      In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel to the Defendants in accordance with ¶7.4 herein.

- 13 -

781943_3

**3.     Preliminary Approval Order and Settlement Hearing**

3.1     Promptly after execution of the Stipulation, Class Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2     Class Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Plaintiff's request for expenses, if any.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.8 hereof, Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2     The Proof of Claim to be executed by Class Members shall be substantially in the form contained in Exhibit A-2 attached hereto.

- 14 -

781943_3

4.3     Upon the Effective Date, as defined in ¶1.8 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum that tries to assert the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, their counsel, and the Class (except any Class Member who opts out of the settlement) for all claims arising out of the initiation, litigation, and resolution of the Litigation, except claims to enforce the settlement.

**5.     Administration and Calculation of Claims and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     to pay attorneys' fees and expenses of counsel to the Plaintiff and Class (the "Fee and Expense Award"), and Plaintiff's expenses, if and to the extent allowed by the Court; and

- 15 -

       (d)     after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

       5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.4-5.9.

       5.4     Within ninety (90) days after the Notice Date or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

       5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

       5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time from the initial date of distribution of the Net Settlement Fund, Class Counsel shall, if feasible,

781943_3

allocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization to be agreed upon by counsel for Plaintiff and Defendants.

5.7    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Plaintiff and Class Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund.

5.8    No Person shall have any claim against Plaintiff, Class Counsel or the Claims Administrator, or any other Person designated by Class Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court. Other than claims that distributions were not made substantially in accordance with the Stipulation and the settlement contained herein, when the Court approves distribution to the Class, all claims of any Class Member against Plaintiff, Class counsel or the Claims Administrator concerning or arising out of this Litigation will be forever extinguished.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

- 17 -

781943_3

Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel the Stipulation or affect or delay the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

### 6. Class Counsel's Attorneys' Fees and Expenses

6.1    Class Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Class Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be paid to Class Counsel from the Settlement Account, within five (5) business days after the date the District Court enters an order awarding such fees and expenses.  Class Counsel may thereafter allocate the attorneys' fees among other counsel for Plaintiff or the Class in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation.

6.3    Class Counsel shall be obligated and liable (a) to repay promptly such fees and expenses in full, and interest thereon, in the event that (i) the Effective Date does not occur or (ii) the settlement is terminated in accordance with ¶7.3 below, and (b) to repay promptly such fees and expenses in an appropriate amount, and interest thereon, in the event of a reduction of such an award of fees and expenses.

6.4    Plaintiff may submit an application for its expenses incurred in the prosecution of the Litigation.  However, in the event that the Effective Date does not occur, or the judgment or the

- 18 -

781943_3

order approving Plaintiff's application for its time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, then Plaintiff shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amount previously paid to it from the Settlement Fund for time and expenses in an amount consistent with such reversal or modification, plus interest thereon.

6.5    The procedure for and the allowance or disallowance by the Court of any applications by Class Counsel for attorneys' fees and expenses, or the expenses of the Plaintiff, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Plaintiff's expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.6    Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to Class Counsel over and above payment out of the Settlement Fund.

6.7    Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiff's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

- 19 -

781943_3

(a)     Defendants have timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b)     Defendants have not exercised the option set forth in ¶7.3;

(c)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.12 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Class Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     The Defendants shall have the option to terminate the settlement in the event that Class Members representing more than a certain percentage of Wyeth shares purchased or otherwise acquired during the Class Period have timely and validly excluded themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Plaintiff and the Defendants.  Class Members shall have 45 days from the Notice Date to postmark any request to opt out in order to be considered for exclusion from the Class.  If the Court requires that the Supplemental Agreement be filed, it shall be filed under seal with the Court.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Class Counsel, the Settlement

Fund, less expenses that have either been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded by the Escrow Agent directly to the entities that provided the funds based on their pro rata contribution to the Settlement Amount. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, directly to the entities that provided the funds based on their pro rata contribution to the Settlement Amount.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of November 1, 2012. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.27, 2.6-2.8, 6.3-6.4, 7.4-7.6, and 8.3-8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Plaintiff's counsel or expenses to the Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.7. In addition, any expenses already incurred pursuant to ¶¶2.6 or 2.7 hereof at the time of such termination or cancellation but that have not been paid, shall be paid

781943_3

by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate the settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.3    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other

- 22 -

action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    All orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation. Plaintiff and Defendants and their counsel will not, at any time, make public statements (which includes press releases, communications to the press or other media, statements on the Internet, speeches, or other communications in public fora) concerning the settlement, the Litigation, or the parties, witnesses, individuals or counsel involved in the Litigation, apart from their respective press releases announcing the settlement, with the exceptions that (a) Plaintiff and Defendants shall have the right to disclose the settlement to comply with their financial, legal, reporting, and securities obligations, (b) Plaintiff and Defendants shall have the right to take actions to enforce the settlement to the extent necessary, and (c) counsel for the Parties shall have the right to communicate with their clients regarding the Litigation and settlement.

8.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

781943_3

8.8     Class Counsel, on behalf of the Class, is expressly authorized by the Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which that they deem appropriate.

8.9     Plaintiff and its counsel represent and warrant that none of Plaintiff's claims or causes of actions that could have been alleged in the Litigation have been assigned, encumbered or in any manner transferred in whole or in part.

8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

8.11    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.14    The rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles. The Settling Parties agree to mediate in good faith any dispute regarding the terms of the Stipulation with Judge Layn Phillips (Ret.). if he is available.

- 24 -

781943_3

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of November 7, 2012.

Attorneys for Plaintiff and the Class

Attorneys for Defendants

ROBBINS GELLER RUDMAN
      & DOWD LLP

SIMPSON THACHER & BARTLETT LLP

By: _____

By: _____

Tor Gronborg
Trig R. Smith
Laurie L. Largent
Christopher D. Stewart
Susannah R. Conn
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lynn K. Neuner
George S. Wang
425 Lexington Avenue
New York, New York 10017-3954
Telephone: 212/455-2000
212/455-2502 (fax)

- 25 -

781943_3

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 9, 2012.

s/ Laurie L. Largent

LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: llargent@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-10329-RJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rae Caroline Adams**
  radams@stblaw.com,mwasserman@stblaw.com

- **Susannah R Conn**
  sconn@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lynn Katherine Neuner**
  lneuner@stblaw.com,managingclerk@stblaw.com

- **Bryce Allan Pashler**
  bpashler@stblaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **George S Wang**
  gwang@stblaw.com,managingclerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)