UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>WYETH, et al.,<br><br>                  Defendants. | Civil Action No. 1:07-cv-10329-RJS<br><br>CLASS ACTION<br><br>**ECF CASE**<br><br>DECLARATION OF CHARLES T. HANNAFORD IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS, AND AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Charles T. Hannaford, declare as follows:

1.  I am the Administrator of the Pipefitters Union Local 537 Pension Fund ("Pipefitters"). I respectfully submit this declaration in support of final approval of the $67,500,000 million settlement (the "Settlement"), the plan of allocation, and an award of 24.5% of the Settlement in attorneys' fees to Lead Counsel, plus expenses incurred by Lead Counsel in litigating this case. I also submit this declaration in support of the Pipefitters' request for reimbursement of $4,526.25 in expenses associated with the time spent by myself and the Pipefitters' staff monitoring and participating in the litigation. I have personal knowledge of the statements herein and, if called as a witness, could competently testify thereto.

2.  The Pipefitters, as an institutional investor, has an interest in issues related to the integrity of the stock market. The Pipefitters made the decision to move for appointment as a Lead Plaintiff in this case only after determining that it was a matter of importance to institutional investors. In seeking appointment as a Lead Plaintiff, the Pipefitters understood its responsibility to serve the best interests of the Class.

3.  On February 25, 2008, this Court appointed the Pipefitters as a Lead Plaintiff in this matter and on September 18, 2012, the Pipefitters was appointed to serve as class representative. In fulfillment of its responsibilities as a Lead Plaintiff and class representative on behalf of all Class members, the Pipefitters, including myself: (i) engaged in numerous meetings, phone conversations and correspondence with Lead Counsel; (ii) participated in the litigation and provided input into the prosecution of the case; (iii) kept fully informed regarding case status; (iv) reviewed documents filed in this action, including those in connection with the motion to dismiss, motion for reconsideration and class certification; (v) produced documents and provided information in discovery; (vi) provided deposition testimony; (vii) consulted with counsel and provided input regarding litigation and

settlement strategy; and (viii) monitored and was kept informed about the scheduling and progress of mediation and settlement negotiations.

4. The Pipefitters authorized Lead Counsel to settle this action for $67,500,000 million. In this regard, I reviewed, considered and evaluated the merits of this case, was kept apprised of the scheduling of and progress of the case and approved the proposed settlement on behalf of the Pipefitters. In making its determination that the $67,500,000 million represented a fair, reasonable, and adequate result for the Class, the Pipefitters weighed the substantial benefits to the Class against the significant risks and uncertainties of continued litigation. After doing so, the Pipefitters believes that the Settlement represents an excellent recovery that would not have been possible without the diligent efforts of Lead Counsel who aggressively litigated this case. The Pipefitters believes this Settlement represents a fair, reasonable, and adequate recovery on behalf of the Class, and that its approval is in the best interest of each Class member.

5. While the Pipefitters recognizes that any determination of fees is left to the Court, the Pipefitters approves the request for a 24.5% attorneys' fee award, plus expenses not to exceed $650,000. In determining that Lead Counsel's 24.5% fee was reasonable, the Pipefitters took into account Lead Counsel's high quality representation and diligence in prosecuting this litigation. Lead Counsel was instrumental in investigating and pleading the alleged fraud, litigating and arguing matters related to motion to dismiss, summary judgment, discovery and class certification and conducting extensive discovery.

6. Additionally, I understand that in cases such as this, the Court may make an award of reasonable costs and expenses (including lost wages) directly relating to the representation of the Class to any representative serving on behalf of the Class. As a consequence of the services performed by the Pipefitters in its efforts rendered in the best interest of the Class, the Pipefitters has

incurred expenses associated with my time, as well as that of various Pipefitters staffers, monitoring and participating in the litigation. This time includes reviewing major pleadings and filings in this case, conferences and correspondence with counsel, searching for and producing documents, preparing for and being deposed and participation in mediation and settlement discussions. I have spent a total of 53.25 hours on the litigation. Based on an hourly rate of $85, the unreimbursed expenses for time expended on the litigation is $4,526.25. These unreimbursed expenses were reasonably and necessarily incurred in connection with the Pipefitters' services to all Class members in the case and I believe they are both fair and reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __8__ day of __Jan__, 2013 at __Allston__, __MA__.

_____
CHARLES T. HANNAFORD

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2013.

                                 s/ Tor Gronborg  
                                 TOR GRONBORG

                                 ROBBINS GELLER RUDMAN  
                                     & DOWD LLP  
                                 655 West Broadway, Suite 1900  
                                 San Diego, CA  92101-3301  
                                 Telephone:  619/231-1058  
                                 619/231-7423 (fax)  
                                 E-mail: TorG@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-10329-RJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rae Caroline Adams**
  radams@stblaw.com,mwasserman@stblaw.com

- **Susannah R Conn**
  sconn@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lynn Katherine Neuner**
  lneuner@stblaw.com,managingclerk@stblaw.com

- **Bryce Allan Pashler**
  bpashler@stblaw.com,managingclerk@stblaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **George S Wang**
  gwang@stblaw.com,managingclerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)