UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
CITY OF LIVONIA EMPLOYEES'  : Civil Action No. 07 CV 10329 (RJS)
RETIREMENT SYSTEM, On Behalf of Itself : (Class Action)
and All Others Similarly Situated, :
: Hon. Richard J. Sullivan
            Plaintiff, :
:
        v. : **RETURN DATE: MARCH 1, 2013**
:
: DOCUMENT FILED ELECTRONICALLY
WYETH, ROBERT ESSNER, JOSEPH :
MAHADY, KENNETH MARTIN, :
BERNARD POUSSOT, ROBERT RUFFOLO, :
JR. and GINGER CONSTANTINE, :
:
            Defendants. :
---------------------------------------x

**DEFENDANTS' RESPONSE TO THE OBJECTIONS OF
KENNETH A. KUHN AND JULIA PETRI AND
STATEMENT IN FURTHER SUPPORT OF SETTLEMENT**

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants*

Defendants Wyeth, Robert Essner, Joseph Mahady, Kenneth Martin, Bernard Poussot, Robert Ruffolo, Jr., and Ginger Constantine ("Defendants") submit this statement in response to the objections of Kenneth A. Kuhn and Julia Petri to the settlement and in further support of the settlement.

## INTRODUCTION

By order dated November 19, 2012 (the "Order"), this Court preliminarily approved the settlement of this action and provided for Notice to be sent to potential Class Members.[1]  *See* Dkt. 114.  The Claims Administrator sent more than 300,000 copies of the Notice to potential Class Members and institutions representing millions of investors, posted a copy of the Notice online, and published the Summary Notice in *Investor's Business Daily* and *Business Wire*.  *See* Dkt. 121 ¶¶ 10 -13 (Declaration of Carole E. Sylvester).

Only two purported Class Members have objected to the settlement.  By letter dated January 20, 2013, Mr. Kuhn argues that the settlement is unfair to Defendants and Class Members because, among other things, Plaintiffs allegedly lack proof to support their claims and failed to sufficiently diversify their investments to protect against market losses.[2]  By objection dated January 25, 2013, Ms. Petri takes issue with a provision in the Plan of Allocation that limits settlement payments to those Class Members entitled to receive at least $10, which she

---

[1]   Capitalized terms not otherwise defined refer to and retain the same meaning as used in the Order and exhibits thereto.

[2]   While Mr. Kuhn does not qualify as a valid objector because he does not even try to demonstrate that he is a member of the Class, we address his letter together with Ms. Petri's objection for the sake of completeness.

argues is a violation of Rule 23(a)(4)'s requirement that Plaintiffs fairly and adequately represent the interests of the Class. Dkt. 128 at 12-13.[3]

Both objections are meritless. Mr. Kuhn's objection is procedurally defective because he has not demonstrated that he is a Class Member who acquired Wyeth stock during the Class Period, and he thus lacks standing to interpose an objection. Mr. Kuhn's objection is substantively deficient because he does not identify any defect with the parties' negotiations or the adequacy of the settlement; rather, he raises the categorical argument that Plaintiffs' claims lack foundation and that Class Members should receive nothing. While Ms. Petri appears to be a Class Member (based on her acquisition of Wyeth shares during the Class Period through a dividend reinvestment program), she asserts a baseless objection to the "minimum payment threshold" in the settlement distribution plan. This is a standard feature of large class action settlements and has been regularly approved by courts as a way to reduce administrative costs for the class. Defendants therefore respectfully request that the Court approval the settlement as fair, reasonable, and adequate.

With respect to requests for exclusion from the Class, the Claims Administrator received 145 requests from individuals and entities purporting to be Class Members seeking to be excluded from the settlement. All but three of these requests do not comport with the Court's Order requiring that the claimant submit a timely request accompanied by proof of membership in the Class. Accordingly, Defendants seek a ruling that 142 of these requests be deemed invalid for failure to comply with the Court's Order and that only three be recognized as valid and

---

[3] Mr. Kuhn and Ms. Petri further object to the attorneys' fees requested by Plaintiffs' Counsel. Defendants take no position with respect to the reasonableness of Plaintiffs' fee application.

timely requests for exclusion on Exhibit 1 to the Proposed Final Judgment and Order of Dismissal with Prejudice.

## ARGUMENT

### I. Mr. Kuhn's Objection Does Not Comply With The Terms Of The Order

Mr. Kuhn's objection to the settlement is defective because he has failed to show that he falls within the definition of the Class, as required by the Court's prior Order, the Federal Rules of Civil Procedure, and the clear terms of the Notice.  *See* Dkt. 114 ¶ 10; Dkt. 112-2 at 23; Fed. R. Civ. P. 23(e)(5).  Mr. Kuhn asserts, without any documentation, that he "held 200 shares of Wyeth common stock in [his] brokerage account," Kuhn Obj., but does not provide any evidence that he *purchased or acquired* Wyeth common stock during the Class Period.  *See* Dkt. 112-2 at 5 (Class consists of all persons "who purchased or otherwise acquired the common stock of Wyeth during the period from June 26, 2006 through July 24, 2007, inclusive," excluding Defendants and certain affiliates).  He therefore has failed to demonstrate that he is actually a member of the Class with standing to object to the settlement.  *See id.* at 23 (requiring that any objector "demonstrate [his] membership in the Class, including the number of shares of Wyeth common stock purchased or acquired and sold during the Class Period").  In light of this failure, Mr. Kuhn's objection should not be considered.

### II. Mr. Kuhn Fails To Support His Accusations Of Impropriety

Mr. Kuhn's objection is also substantively meritless.  He maintains that the settlement is "unfair to the Defendants, to [him], and all similarly situated Class members" but does not substantiate his serious allegations of impropriety on the part of the Court and the parties' counsel. Mr. Kuhn merely expresses his disagreement with the substance of the claims underlying the litigation.  To the extent Mr. Kuhn suggests that the settlement was the product of

procedural unfairness, he fails to identify any deficiencies in "the negotiating process leading to the settlement." *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. May 8, 2012) (approving settlement in the absence of evidence of "collusion" and where the parties engaged in an arm's-length negotiation facilitated by an experienced mediator). To the extent Mr. Kuhn is critical of securities cases in general or this case in particular as having no merit, he is free to voice his philosophical views, but his opinions should not be credited over the considered judgment of the parties and counsel who have litigated this case for five years and submit the settlement as the product of good-faith, hard-fought bargaining.[4]  Defendants thus submit that Mr. Kuhn's objection should be overruled.[5]

### III.   Ms. Petri's Objection To The *De Minimis* Threshold For Recovery Is Baseless

Ms. Petri's sole substantive objection to the settlement concerns a provision in the Plan of Allocation providing for distributions of the Net Settlement Fund only to claimants who are entitled to a recovery of $10 or more. *See* Dkt. 112-2 at 19. She argues that the settlement therefore "favors large institutional investors like [Plaintiff] while freezing out unrepresented small individual investors" in violation of the requirement under Rule 23(a)(4) that Plaintiff "fairly and adequately protect" the class. Dkt. 128 at 12. As Ms. Petri concedes, her argument is contrary to clear authority in this District permitting minimum payout requirements as a means to

---

[4]   In 2009, Mr. Kuhn objected to another proposed class action settlement because he believed that "the case [was] based too much on plausibility and based insufficiently in reality" and that the plaintiffs failed to prove their claims; his objection was overruled. *See In re Initial Public Offering Sec. Litig.*, 671 F. Supp. 2d 467, 489-90 & 490 n.167 (S.D.N.Y. 2009) (rejecting objection of Kenneth Kuhn, among others, "that the claims in this action have no merit").

[5]   While Mr. Kuhn is entitled to hold strong opinions about the detriments of class action securities cases, his remarks are intemperately worded, his *ad hominem* attacks on the Court are unacceptable, and his foul closing comment demeans the litigation process.

4

reduce administrative costs associated with the claims procedure. *See In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 4526593, at *12 (S.D.N.Y. Dec. 20, 2007) (approving settlement over objection to $50 minimum payout intended "to foster the efficient administration of the settlement"); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (holding that $10 minimum threshold was reasonable "in order to preserve the settlement fund from excessive and unnecessary expenses in the overall interests of the class as a whole"); *see also Sullivan v. DB Invs.*, 667 F.3d 273, 328 (3d Cir. 2011) (*en banc*) ("[D]*e minimis* thresholds for payable claims . . . save the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those costs and courts have frequently approved such thresholds, often at $10.") (quoting *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510, 2007 WL 1191048, at *9 (E.D.N.Y. Apr. 19, 2007)).

In approving a similar threshold, Judge Lynch credited testimony from a major claims administrator that "settlements that distribute checks for less than $10 require disproportionately more follow-up, have a disproportionately high number of un-cashed checks, require more checks to be reissued, and often involve second or third distributions of settlement funds"—all of which generate increased costs ultimately borne by class members as a whole, including Ms. Petri. *Global Crossing*, 225 F.R.D. at 463.

Ms. Petri's reliance on *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242 (2d Cir. 2011), does not compel a different result here. The *Literary Works* court vacated the district court's order certifying the class and approving the settlement due to conflicting interests within the class. It held that subclasses were required to protect the interest of all class members where three distinct categories of claims with different settlement values created "the risk of fundamental conflict among subgroups." *Id.* at 252. No such conflict

5

between Class Members exists in this litigation. As specified by the Plan of Allocation, all Class Members submitting timely proofs of claim will receive equal treatment and a proportionate per-share recovery as long as their holdings meet the *de minimis* threshold. *See* Dkt. 112-2 at 19.[6]

Ms. Petri also cites two cases from other jurisdictions in support of her objection, but in these cases—which she herself characterizes as a "minority"— all shareholders owning less than 1,000 to 1,200 shares would have been precluded from recovery. *See In re Thornburg Mortg., Inc. Secs. Litig.*, No. CIV 07-0815 JBW/DS, 2012 WL 3150408, at *13 (D.N.M. July 24, 2012) (rejecting minimum threshold that would require a claimant to own over 1000 shares to recover settlement); *In re Dell Inc. Sec. Litig.*, No. A-06-CA-726-SS, 2010 WL 2371834, at *9 (W.D. Tex. June 11, 2010) (replacing minimum threshold, *at suggestion of plaintiffs' counsel*, with an alternate provision limiting each claimant to a single check negotiable within 60 days). Here, the parties estimate a 16-cent average distribution per share "[i]n the unlikely event that 100% of the eligible shares . . . participate in the settlement," meaning claimants could meet the $10 threshold with as few as 63 shares. Dkt. 119. Moreover, in neither case did the proposed threshold derail the settlement or compel a finding that the settlement as a whole was unfair. Tellingly, Ms. Petri has not objected to any other term of the settlement or Plan of Allocation.[7]

---

[6] Contrary to Ms. Petri's suggestion, *Literary Works* does not signal a change in Second Circuit law with respect to minimum thresholds. Its reasoning is based on two Supreme Court decisions from the 1990s. *See* 654 F.3d at 250 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999)).

[7] In fact, the Stipulation provides that "any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation." Dkt. 112 ¶ 5.9. The Order additionally provides that the Plan of

### IV. The Overall Class Reaction To The Settlement Is Supportive

"[T]he reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001); *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *Allen v. Dairy Farmers of America, Inc.*, No. 5:09-cv-230, 2011 WL 3361233, at *6 (D. Vt. Aug. 3, 2011). A positive reaction is "'strong evidence' of the fairness of a proposed settlement and supports judicial approval." *See Banyai v. Mazur*, No. 00 Civ. 9806 (SHS), 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007) (quoting *Grinnell*, 495 F.2d at 462).

Mr. Kuhn and Ms. Petri have submitted the sole objections to the settlement. Where, as here, there are few objections and requests for exclusion from the Class, the Court may conclude that there is "strong support for the settlement." *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp.2d 611, 619 (S.D.N.Y. May 8, 2012) (approving settlement over 16 opt-outs and single objection by class member); *see also Castagna v. Madison Square Garden, L.P.*, No. 09-cv-10211 (LTS)(HP), 2011 WL 2208614, at *5 (S.D.N.Y. June 7, 2011) ("When relatively few opt-out or object to the settlement, the lack of opposition supports approval."); *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 134 (S.D.N.Y. 2008) (approving settlement over 12 opt-outs and two objections); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 4526593, at *10 (S.D.N.Y. Dec. 20, 2007) (approving settlement over 59 opt-outs and six objections); *Banyai v. Mazur*, 2007 WL 927583, at *9 (approving settlement over a dozen objections).

---

Allocation "will be considered separately from the fairness, reasonableness, and adequacy of the settlement." Dkt. 114 ¶ 13.

7

## V.     There Are Only Three Valid Requests For Exclusion

The Claims Administrator has received 145 requests for exclusion from the Class, only three of which comply with the requirements set forth in the Court's Order and Notice. The Order states: "To be valid, a Request for Exclusion must state all of the information requested by ¶2 of §XII of the Notice." Dkt. 114 at 4. Paragraph 2 of §XII of the Notice provides that a request for exclusion must be postmarked by January 28, 2013 and must set forth "the number of shares of Wyeth common stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchases(s), acquisition(s), and/or sale(s)" and "proper evidence of your purchases, acquisitions and sales of Wyeth shares during the Class Period." Dkt. 112-2 at 14.

All but three of the requests for exclusion received in this case do not comply with the Order and Notice. Those 142 requests (a) were untimely, (b) did not specify the number of shares purchased and/or dates of purchases and sales during the Class Period, (c) did not provide evidence of Class Period transactions, and/or (d) indicated that the individuals or entities requesting exclusion are not Class Members because they have never owned Wyeth stock or their transactions occurred outside the Class Period. The Notice expressly advises recipients in all capital letters that:

> NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

*Id.* Accordingly, Defendants respectfully request that the Court rule that these non-complying 142 requests for exclusion are invalid and that the individuals who submitted them are bound by the Final Judgment in this case. The exceptions to this ruling are Vera W. Moore, Kathleen G.

8

Burnett, and Rema Kathleen Norton, who should be listed in Exhibit 1 to the Final Judgment. *See* attached Proposed Exhibit 1.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court overrule the objections of Mr. Kenneth A. Kuhn and Ms. Julia Petri; approve the settlement as fair, reasonable, and adequate; and conclude that Exhibit 1 to the Final Judgment should list Vera W. Moore, Kathleen G. Burnett, and Rema Kathleen Norton as the sole claimants to have submitted valid and timely requests for exclusion from the Class.

Dated: February 14, 2013

                                              SIMPSON THACHER & BARTLETT LLP

                                              By:   s/ Lynn K. Neuner
                                                     Lynn K. Neuner
                                                     George S. Wang

                                              425 Lexington Avenue
                                              New York, NY 10017-3954
                                              Telephone:       (212) 455-2000
                                              Facsimile:         (212) 455-2502

                                              *Attorneys for Defendants*

**EXHIBIT 1**
*City of Livonia Employees' Retirement System v. Wyeth, et al.*,
No. 07 CV 10329 (RJS) (S.D.N.Y.)

**INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED
EXCLUSION FROM THE CLASS**

1. Vera W. Moore

2. Kathleen G. Burnett

3. Rema Kathleen Norton